

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Conn R. Isaacs
County Auditor
Milam County
Cameron, Texas

Dear Sir:

Opinion No. O-5070
Re: Under the facts submitted
would it be legal and per-
missible to hire a part time
court reporter and pay for
such services on a per diem
basis?

Your letter of January 27, 1943, requesting the opin-
ion of this department on the above stated question reads in
part as follows:

"Milam County constitutes the 20th. Judicial
District of Texas and under Article 2327a, Civil
Statutes has been paying the regularly appointed
reporter an annual compensation of $2700.00, pay-
able in equal monthly installments.

"The regularly appointed Court Reporter for
this District has resigned and a vacancy in said
office now exists.

"There is at present very little litigation,
civil or criminal in the district and there is at
this time no necessity for a full time court re-
porter.

"Is Article 2321 Civil Statutes, mandatory or
would it be permissible for the District Judge to
make arrangements with a reporter or reporters from
a nearby city to serve our District Court when cases
are actually tried and for this county to pay for
such service on a per diem basis?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"This arrangement would not interfere with
the fees which the law allows reporters for tran-
scripts etc but would only apply to the compensa-
tion which the county has heretofore paid under
Article 2327a, Civil Statutes.

". . . ."

Article 2321, Vernon's Annotated Civil Statutes pro-
vides in part:

"Each district and criminal district judge
shall appoint an official court reporter who shall
be a sworn officer of the court and shall hold his
office during the pleasure of the court. . . ."

Article 2323, Vernon's Annotated Civil Statutes
provides:

"In case of illness, press of official work,
or unavoidable disability of the official short-
hand reporter to perform his duties in reporting
proceedings in court, the judge of the court may,
in his discretion, authorize a deputy shorthand
reporter to act during the absence of said offi-
cial shorthand reporter, and said deputy short-
hand reporter shall receive, during the time he
acts for said official shorthand reporter, the same
salary and fees as the official shorthand reporter
of said court, to be paid in the manner provided
for the official shorthand reporter; but the said
official shorthand reporter shall also receive his
salary in full during said temporary disability to
act. The necessity for a deputy official short-
hand reporter shall be left entirely within the
discretion of the judge of the court."

Article 2324, Vernon's Annotated Civil Statutes
reads as follows:

"Each official court reporter shall:

"Attend all sessions of the court, take full
shorthand notes of all oral testimony offered in
every case tried in said court, together with all

objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto.

"Preserve all shorthand notes taken in said court for future use or reference for a full year, and furnish to any person a transcript in question and answer form or narrative form of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to him of the fees provided by law.

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and shall i(n)dicate whether he desires same in question and answer form or in narrative form. In the event such transcript should be ordered in question and answer form, then such reporter shall make the same up in duplicate in question and answer form, and shall receive as compensation therefor the sum of fifteen cents per hundred words for the original. In the event said transcript should be ordered made in narrative form, then such reporter shall make up same in duplicate in narrative form, and shall receive as compensation therefor the sum of twenty cents per hundred words for the original; provided, that in case any reporter charges more than the fees herein allowed he shall be liable to the person paying the same a sum equal to four times the excess so paid."

Article 2327a, Vernon's Annotated Civil Statutes provides in part:

"In each Judicial District of this State composed of one county only, and in which county there is only one District Court, and also in each Judicial District composed of two (2) or more counties, and also in each Judicial District composed of one county, which county composes also a portion of another Judicial District, the salary of the official Court Reporter shall be Twenty-seven Hundred Dollars ($2700) per annum, in addition to the compensation for transcript fees and allowances for

expenses now provided by law; said salary to be
paid monthly by the Commissioners Court of the
county or counties, out of the General Fund of
the county or counties, upon the certificate of
the District Judge; . . ."

Article 2321, supra, authorizes and requires each
district and criminal district judge to appoint an official
court reporter. Article 2323, supra, authorizes the district
judge or the criminal district judge to appoint a deputy re-
porter when there is a necessity for a deputy official short-
hand reporter. The necessity for a deputy official shorthand
reporter is left entirely within the discretion of the judge
of the court. Article 2324, supra, sets out the duties of
the official court reporter and Article 2327a, supra, provides
and authorizes the salary to be paid to the official court
reporter and fixes the amount of such salary in addition to
the compensation for transcript fees and allowances for ex-
penses now provided by law. This statute further provides
that the salary shall be paid monthly by the commissioners'
court of the county or counties out of the general fund of
the county or counties, upon the certificate of the district
judge.

There is no statute so far as we have been able to
find authorizing the district court to appoint a part-time
court reporter and pay for such services on a per diem basis.

Generally speaking public officers and governmental
and administrative boards possess only such powers as are ex-
pressly conferred upon them by law or necessarily implied from
the powers so conferred. They cannot legally perform acts
not authorized by existing law. (See Tex. Jur. Vol. 34, p.
440 and authorities cited therein).

As the foregoing statutes provide for the appoint-
ment of court reporters and deputy official shorthand re-
porters and fix the compensation of such reporters and of-
ficial shorthand reporters it is our opinion that such stat-
utes are controlling and must be followed by the district
judge or judges when appointing court reporters or deputy
official shorthand reporters and that the compensation al-
lowed by such statutes must be paid to such reporters or

Honorable Conn H. Isaacs, Page 5


deputy reporters.  As the foregoing statutes or any other statutes that we have been able to find do not authorize the district judge or judges to appoint a part-time court reporter and pay for such services on a per diem basis, we respectfully answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED FEB 8, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

AW:mp


APPROVED OPINION COMMITTEE BY CHAIRMAN